IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC, § § § | |
| Plaintiff, § | Case No: 6:21-cv-01144 |
| § | |
| vs. § | PATENT CASE |
| § | |
| MANNING NAVCOMP, INC., § | JURY TRIAL DEMANDED |
| § | |
| Defendant. § § | |

## COMPLAINT

Plaintiff Social Positioning Input Systems, LLC ("Plaintiff" and/or "SPIS") files this Complaint against Manning NavComp, Inc. ("Defendant" and/or "MNI") for infringement of United States Patent No. 9,261,365 (hereinafter "the '365 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Wyoming limited liability company with an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

4. On information and belief, Defendant is a Texas corporation with its principal office located at 12741 Research Blvd, Ste 500, Austin, TX 78759-4329. On information and belief, Defendant may be served through its agent, Jeffrey L. Manning, 4205 Park Drive, Lago

Vista, TX 78645.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '365 Patent with sole rights to enforce the '365 Patent and sue infringers.

11. A copy of the '365 Patent, titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

12. The '365 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '365 Patent by making, using (at least by having its employees, or someone under Defendant's control, test the accused Product), importing, selling, and/or offering for sale associated hardware and software for asset locating services (e.g., Rastrac asset tracking platform, and any associated hardware, apps, or other software) ("Product") covered by at least Claim 1 of the '365 Patent. Defendant has infringed and continues to infringe the '365 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14. The Product provides an asset tracking system for real-time GPS tracking of assets. A user can receive location information on a positional information device (e.g., mobile device or computer). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://www.rastrac.com/rastrac_mobile



Source: https://www.rastrac.com/hubfs/GV600MG.pdf

15. The Product software sends a request from a first (requesting) positional information device (e.g., mobile device or desktop with software installed) to a server. The request is for the real-time location (e.g., stored address) of an asset, and includes a first identifier of the requesting positional information device (e.g., user ID and password for the Product software used in the particular enterprise). The request is sent to the Product server for transmitting the asset location. The server receives the at least one address from a second (sending) positional information device at the asset (e.g., employee mobile phone). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://play.google.com/store/apps/details?id=com.rastrac.ds&hl=en_US

Almost. The in-vehicle Rastrac unit transmits GPS position data to the Rastrac servers, which in turn updates your Rastrac web pages. Updates are transmitted at standard intervals; this provides timely location updates while avoiding the data-overload problems that come with continuous position updates. The Rastrac web site mapping will display asset position as updates are received. You control settings for how often the maps update and when to receive a vehicle report. So depending on both mapping and vehicle updates – location data can be virtually real-time!

Source: https://www.rastrac.com/faqs

Rastrac combines the power of satellite-based GPS and wireless networking to give you the ability to track and monitor your mobile assets from any computer connected to the Internet. The Rastrac system consists of a rugged GPS receiver and wireless modem that transmits accurate GPS coordinates to our Rastrac server. Then, authorized users can access that data on any Internet-enabled device using the most up-to-date browsers. Location and path information is available in map form, and also in a variety of print-ready report formats.

Source: https://www.rastrac.com/faqs



Source: https://rastrac.net/rtds

16. The at least one address is received from the server at the requesting positional information device. For example, the Product's server transmits the position of an asset (at least one address) to the requesting positional information device. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

> Almost. The in-vehicle Rastrac unit transmits GPS position data to the Rastrac servers, which in turn updates your Rastrac web pages. Updates are transmitted at standard intervals; this provides timely location updates while avoiding the data-overload problems that come with continuous position updates. The Rastrac web site mapping will display asset position as updates are received. You control settings for how often the maps update and when to receive a vehicle report. So depending on both mapping and vehicle updates – location data can be virtually real-time!

Source: https://www.rastrac.com/faqs

> Rastrac combines the power of satellite-based GPS and wireless networking to give you the ability to track and monitor your mobile assets from any computer connected to the Internet. The Rastrac system consists of a rugged GPS receiver and wireless modem that transmits accurate GPS coordinates to our Rastrac server. Then, authorized users can access that data on any Internet-enabled device using the most up-to-date browsers. Location and path information is available in map form, and also in a variety of print-ready report formats.

Source: https://www.rastrac.com/faqs

17. A second identifier for the second (sending) positional information device is determined based on the first identifier and the server retrieves the at least one address stored in the at least one sending positional information device. The Product application installed on the requesting positional information device requests (from the server) the asset's GPS location (i.e., at least one stored address stored). As shown above, before activating the tracker (i.e., the sending positional information device), a unique tracking device's ID number or credentials (i.e., second identifier) needs to be added to the user's account identified by the user login ID and password (i.e., the first identifier). Hence, the tracker device's ID number or asset credentials

(i.e., second identifier) is mapped to the user's login ID (i.e., the first identifier) for tracking the real-time location (i.e., at least one stored address stored) of the asset. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://www.youtube.com/watch?v=KB2E-Hnkb4E



Source: https://play.google.com/store/apps/details?id=com.rastrac.ds&hl=en_US

Almost. The in-vehicle Rastrac unit transmits GPS position data to the Rastrac servers, which in turn updates your Rastrac web pages. Updates are transmitted at standard intervals; this provides timely location updates while avoiding the data-overload problems that come with continuous position updates. The Rastrac web site mapping will display asset position as updates are received. You control settings for how often the maps update and when to receive a vehicle report. So depending on both mapping and vehicle updates – location data can be virtually real-time!

Source: https://www.rastrac.com/faqs

> Rastrac combines the power of satellite-based GPS and wireless networking to give you the ability to track and monitor your mobile assets from any computer connected to the Internet. The Rastrac system consists of a rugged GPS receiver and wireless modem that transmits accurate GPS coordinates to our Rastrac server. Then, authorized users can access that data on any Internet-enabled device using the most up-to-date browsers. Location and path information is available in map form, and also in a variety of print-ready report formats.

Source: https://www.rastrac.com/faqs



> **Get Real-Time Positions**
>
> View the locations of your vehicles, assets, and employees on a map to enforce schedule adherence and determine if routes are being followed correctly.

Source: https://www.rastrac.com/rastrac_mobile



Source: https://www.rastrac.com/hubfs/GV600MG.pdf
Source: https://rastrac.net/rtds

18.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

PLAINTIFF'S COMPLAINT AGAINST DEFENDANT MANNING NAVCOMP, INC.                                    | 9

19. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

20. Plaintiff is in compliance with 35 U.S.C. § 287.

## JURY DEMAND

21. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,261,365 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 8, 2021.	Respectfully submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**